IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SCOTT JOHNSON,

    Plaintiff,

v.                                              CIVIL ACTION FILE NO. _____

BLUELINK, LLC and                      1:15-CV-2160
JOHN DYSLIN, individually,

    Defendants.

## COMPLAINT AND JURY DEMAND

1.    Plaintiff bring this action to require Defendants to pay back wages owed to Plaintiff, which Defendants failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereafter referred to as "FLSA" or "the Act") and Georgia law.

## JURISDICTION AND VENUE

2.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.    Defendant BlueLink, LLC ("BlueLink") is subject to personal jurisdiction in the State of Georgia because it is BlueLink's state of incorporation and principal place of business.

4.  Defendant John Dyslin ("Dyslin") is subject to personal jurisdiction in the State of Georgia because he is a resident of Georgia.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.  Defendant BlueLink is a Georgia limited liability company having its principal place of business within the geographic boundaries of the Atlanta Division of this Court. Said Defendant may be served through its registered agent, David A. Easterman, at 81 Piedmont Ave., Atlanta, GA located in Fulton County, Georgia.

7.  Defendant Dyslin is a Georgia resident and majority owner of BlueLink with his place of residence within the geographic boundaries of the Atlanta Division of this Court. Said Defendant may be personally served at his residence located at 603 E. Paces Ferry Road, Atlanta, GA.

8.  The Defendants employ a total of approximately 10 employees in Georgia.

9.  At all relevant times, each of the Defendants continuously met the requirements to be deemed an "employer" of Plaintiff pursuant to 29 U.S.C. § 203(d).

10. The Defendants are an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203(r)-(s).

11. Plaintiff Scott M. Johnson ("Johnson" or "Plaintiff") is a former employee of Defendants and a resident of the State of Georgia.

12. At all relevant times, the Plaintiff was an "employee" of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

13. BlueLink provides management consulting and reputation management services to owners and managers of residential apartment communities. The primary service offered by BlueLink relates to target resident feedback gathered via telephonic surveys conducted by BlueLink's call center employees and also via email response from residents.

14. Dyslin hired Plaintiff as BlueLink's Chief Operating Officer on May 14, 2013. Dyslin and BlueLink promised Johnson a starting salary of $75,000 per year, increasing in $25,000 increments on each quarter anniversary of his employment until his salary reached $125,000. The summary terms sheet provided to Plaintiff stated that his salary would "accrue" until the earlier of September 30, 2013 or the successful completion of a minimum aggregate fundraise of at least $850,000. An unexecuted copy of the summary terms sheet is attached hereto as Exhibit A.

15. On or about September 25, 2013, Mr. Dyslin provided my client with one lump sum payment of $15,000, and on October 19, 2013, a second payment of

$12,500 was made. On or about June 9, 2014, after working for more than 8 months without compensation of any kind, Plaintiff demanded that Dyslin and BlueLink pay him the outstanding salary debt owed to him. Plaintiff indicated that he could not continue employment without compensation, and would be forced to resign. Defendants refused to pay Plaintiff the wages due to him, forcing Plaintiff to resign. Upon resignation, Dyslin handed Plaintiff $500 in cash and wished him well.

16. At no time did Defendants pay Plaintiff on a "salary basis" as contemplated by the FLSA.

17. In his role as COO, Plaintiff managed and ran the day to day operations of BlueLink, and reported directly to Dyslin. In this capacity, Plaintiff worked an average of 60 to 80 hours per week, including regular night and weekend work, with the exception of his last month of employment, where he worked an average of 40 to 45 hours per week.

18. At all times relevant hereto, Defendants were aware of, accepted, and/or required all services performed by Plaintiff as described above, and willfully failed to pay him on a salary basis and at the agreed upon rate, with the result being that Plaintiff was denied regular and overtime pay that he is entitled to under the FLSA.

## COUNT I
### Violation of the Fair Labor Standards Act

19. Plaintiff realleges and reincorporates the paragraphs above.

20. This count arises from the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

21. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

22. During the course of Plaintiff's employment, the Defendants did not compensate the Plaintiff for each hour worked as required by 29 U.S.C. § 206.

23. During the course of his employment, the Defendants did not compensate the Plaintiffs at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks as required by 29 U.S.C. § 207.

24. Defendants have willfully violated Section 206 of the Fair Labor Standards Act by refusing to pay Plaintiff his regular rate wage for each hour worked.

25. Defendants have willfully violated Section 207 of the Fair Labor Standards Act by refusing to pay Plaintiff's earned overtime wages.

26. Plaintiff is entitled to recover his unpaid wages and unpaid overtime compensation, as the case may be, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b). Additionally, he is entitled to an award

of attorneys' fees and legal costs associated with bringing this action pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Breach of Contract

26. Plaintiff repeats and realleges Paragraphs 1-25 as though fully set forth herein.

27. Plaintiff has duly performed or satisfied all conditions, promises and obligations required to be performed or satisfied by him in accordance with the terms and conditions of his agreement with Defendants.

28. Defendants' partial performance has violated the payment obligations contained in the agreement, causing Plaintiff damage.

29. Defendants are liable to Plaintiff for breach of contract in a total amount to be determined at trial.

## COUNT TWO
### Quantum Meruit

30. Plaintiff repeats and realleges paragraphs 1-29 as though fully set forth herein.

31. Plaintiff has performed the services requested by Defendants and incurred costs at Defendants' request.

32. Defendants promised to pay Plaintiff the reasonable value of the services performed.

33. Plaintiff has requested payment from Defendants for the reasonable value of his services. Defendants, however, have refused, and continue to refuse, to pay Plaintiff for these services rendered and costs incurred.

34. As a direct and proximate result of Defendants' failure to pay Plaintiff for the services rendered and costs incurred, Plaintiff has suffered damages in amount to be proven at trial.

WHEREFORE, Plaintiff prays for a judgment against the Defendants as follows:

A. A judgment in the amount equal to all unpaid hourly wages;

B. A judgment in the amount equal to one and one-half times Plaintiff's hourly wage rates for all hours in which Plaintiff worked in excess of forty (40) hours per week;

C. Liquidated damages in an amount equal to the amount of unpaid hourly wages deemed due;

D. Liquidated damages in an amount equal to the amount of unpaid overtime compensation deemed due;

E. Reasonable attorneys' fees and costs incurred in connection with this action;

F. Damages in the amount of the compensation promised to Plaintiff by Defendant for the services performed;

    G.    Damages in the amount of the reasonable value of the services rendered by Plaintiff and accepted by Defendants;

    H.    Pre-judgment and post-judgment interest;

    I.    That the Court award any additional or alternative relief, whether legal or equitable, which the Court deems appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted this 16th day of June, 2015.

                                      COSTYN LAW

                                      Joseph M. Costyn
                                      Georgia Bar No.: 103557
                                      456 S. Howard Street S.E.
                                      Atlanta, GA 30317
                                      T: 404-512-1858
                                      F: 859-712-1858
                                      jcostyn@costynlaw.com